**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SHAWN PHILLIPS,

    Plaintiff,

vs.    Case No. 3:12-cv-661-J-34MCR

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**O R D E R**

**THIS CAUSE** is before the Court on Magistrate Judge Monte C. Richardson's Report and Recommendation (Dkt. No. 18; Report), entered on October 2, 2013. In the Report, Magistrate Judge Richardson recommends that the Commissioner's decision be reversed and remanded. See Report at 28. No objections to the Report have been filed, and the time for doing so has passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Upon independent review of the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED:**

1. The Report and Recommendation (Dkt. No. 18) of Magistrate Judge Richardson is **ADOPTED** as the opinion of the Court.

2. The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **REVERSING** the Commissioner's final decision and **REMANDING** this matter to the ALJ.

3. On remand, the Commissioner is **DIRECTED** to

    a. Review the opinions and findings of consultative examiner Dr. Helder and explain in detail the weight accorded to his opinions;

    b. Consider whether the learning disorder assessed by Dr. Helder should be included as a severe impairment;

    c. Pose a hypothetical question to a Vocational Expert that clearly sets forth all of Plaintiff's limitations; and

    d. Conduct any further proceedings necessary in light of any new findings.

4.   The Clerk of the Court is further directed to close the file.

5.   In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any Section 406(b) or 1383(d)(2) fee application is filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** in Jacksonville, Florida, this 3rd day of December, 2013.

MARCIA MORALES HOWARD
United States District Judge

i24

Copies to:

The Honorable Monte C. Richardson
United States Magistrate Judge

Counsel of Record