UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHAWN PHILLIPS,

      Plaintiff,

v().                                      CASE NO. 3:12-cv-661-J-34MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

      Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 ("Motion") (Doc. 21), the Commissioner's Response thereto ("Response") (Doc. 23), and Plaintiff's Reply Brief ("Reply") (Doc. 28), filed pursuant to the Court's March 12, 2014 Endorsed Order (Doc. 27).

Pursuant to Section 2412(d) of EAJA, 28 U.S.C. § 2412(d), Plaintiff makes a timely request for an award of $7,385.56 in attorney's fees, which represents fees in the amount of $7,233.56 for 39.3 attorney hours expended from 2012 through 2014 at an hourly rate of $184.06, and fees in the amount of $152.00 for 1.9 hours

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

of administrative work through 2013 at an hourly rate of $80.00. (Doc. 21.) Defendant does not dispute that Plaintiff is entitled to an award of fees in this case. (Doc. 23.) However, Defendant argues that the fee award should be reduced because: (1) the attorney time spent on the case (39.3 hours) is excessive given the routine nature of the issues, and (2) the time expended for administrative work (1.9 hours) is non-compensable. (*Id.*) For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED in part** and **DENIED in part**.

> EAJA sets forth the following requirements for an award of fees:
>
> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, . . . , incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412. In addition, EAJA limits the parties eligible to recover fees to those "whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

It is undisputed that Plaintiff, having obtained a sentence four reversal of a denial of benefits and remand, is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Furthermore, Defendant does not dispute that Plaintiff is entitled to an award of fees in this case. In light of the lack of opposition on this

issue, the undersigned will not find that Defendant's position was substantially justified. Moreover, there are no special circumstances which would make an award of fees unjust. In addition, Plaintiff's "net worth did not exceed two million dollars at the time the action was filed." (Doc. 21 at 1; Doc. 21-1 at 3; Doc. 21-2 at 1.) Therefore, Plaintiff is entitled to an award of EAJA fees.

In regard to the amount of attorney's fees to be awarded, EAJA requires that the fees be "reasonable." 28 U.S.C. § 2412(d)(2)(A). In explanation of this standard, EAJA reads:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [and] attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

*Id.*

The Motion reflects that Plaintiff's attorney's rate was $184.06 per hour for work done from 2012 through 2014. (Doc. 21-1 at 14.) As this rate is higher than the statutory maximum, Plaintiff's counsel is seeking a cost of living adjustment. (*Id.* at 11-13.) In light of the lack of opposition to this hourly rate, the undersigned finds this rate to be reasonable and the cost of living adjustment warranted.[2]

With respect to the number of hours spent by Plaintiff's counsel on the case, Defendant argues that the time should be reduced. (Doc. 23.) Defendant contends

---

[1] Were this hourly rate contested, the undersigned's determination regarding the reasonableness of the rate might be different.

the 31.7 hours spent reviewing the transcript and drafting Plaintiff's brief should be reduced to 20-24 hours because the transcript was only 392 pages, 138 pages of which were medical records, and the 22-page brief contained less than 12 pages of legal argument on such routine issues as the severity of an impairment, weight accorded to medical sources, credibility, and residual functional capacity. (*Id.* at 4.) Defendant also contends that the time spent to obtain an extension of time from the Appeals Council to file the Complaint (0.2 hours) should be disallowed because it was due to Plaintiff's own failure to timely return certain forms. (*Id.*)

"'[E]xcessive, redundant or otherwise unnecessary' hours should be excluded from the amount claimed." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Fee applicants must " exercise 'billing judgment,'" meaning that "the hours excluded are those that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Id.* (emphasis omitted).

The undersigned agrees with Defendant that the time expended on reviewing the transcript, researching, drafting, editing, and filing Plaintiff's brief (31.7 hours) is excessive considering that the brief included only 12 pages of legal argument on what are generally considered routine issues in Social Security appeals, and the transcript contained only 134 pages of medical records, particularly in light of

Plaintiff's counsel's experience in Social Security cases.[3] *See, e.g.*, *Powell v. Colvin*, 2013 WL 4781083, *2 (M.D. Fla. Sept. 6, 2013) (reducing counsel's compensable time by 17 hours because the "case presented no novel issues of law warranting such an extensive investment of time, especially considering that Plaintiff's counsel is an attorney experienced in social security litigation"). Accordingly, the undersigned recommends that the time spent on these tasks be reduced by five hours. The undersigned further recommends that the time spent to obtain an extension from the Appeals Council (0.2 hours) be disallowed because it was the result of Plaintiff's own failure to act timely. *See Gibson v. Colvin*, 2013 WL 2422611, *3 (S.D. Ga. June 3, 2013) (disallowing "time spent asking for extensions necessitated by events beyond the Commissioner's control"). Therefore, the undersigned recommends that the time spent by Plaintiff's counsel be reduced from 39.3 hours to 34.1 hours.[4]

Plaintiff also seeks to recover for time spent on administrative tasks (a total of 1.9 hours), such as preparing and sending forms to the client to initiate the case (0.3 hours), telephone calls with the client regarding forms (0.8 hours),

---

[3] Plaintiff's counsel represents that his law firm has represented well over 5,000 claimants before the Social Security Administration and has handled over 550 Social Security cases in federal courts throughout the country. (Doc. 21-1 at 2.)

[4] Although Plaintiff attempts to justify his hours by citing to numerous decisions from the Eleventh Circuit, none of which is from this District, and from other circuits, which have found fee requests in excess of 30 hours to be reasonable (*see* Doc. 28 at 2-3), as Judge Dalton recently stated in *Huntley*, such cases do not "suggest that a request in [a particular] range should be automatically granted or is not subject to a reasonableness determination." 2013 WL 5970717, *2.

correspondence with the Clerk, filing the Complaint, the IFP, and the service forms (0.2 hours), preparation of the transcript (0.5 hours), and correspondence with the client (0.1 hours). (Doc. 21-1 at 14-15.) Defendant argues this time should be disallowed because it was spent on purely clerical tasks. (Doc. 23 at 4.)

"Whether to award fees for administrative tasks is within the court's discretion . . . ." *Huntley v. Comm'r of Soc. Sec.*, 2013 WL 5970717, *2 (M.D. Fla. Nov. 8, 2013). "Work that is 'purely clerical in nature, such as contacting court reporters, . . . mailing, filing, and delivering documents is not compensable.'" *Id.* at *4. Because Plaintiff seeks to recover for time spent on tasks of a purely clerical nature, the undersigned recommends that the time be disallowed.

Accordingly, after the reductions, the undersigned recommends that Plaintiff be compensated for 34.1 hours of attorney time at an hourly rate of $184.06 for a total of $6,276.45 in attorney's fees.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 21**) be **GRANTED in part** and **DENIED in part**.

2. The Clerk of Court be directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $6,276.45 for attorney's fees.

3. Payment of the fee be authorized to Plaintiff's counsel if the Commissioner determines that Plaintiff does not owe a debt to the government.

**DONE AND ENTERED** at Jacksonville, Florida, on March 31, 2014.

*[signature]*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record